Filed 3/19/24  P. v. K.S. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication  or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B325488 |
| Plaintiff and Respondent, | (Super. Ct. No. FJ57776) |
| | (Los Angeles County) |
| v. | |
| K.S., | |
| Defendant and Appellant. | |

K.S. appeals orders of the juvenile court sustaining the jurisdiction allegations in a Welfare and Institutions Code section 602 petition, declaring her a ward of the court, and reinstating her on supervision.  We conclude that sufficient evidence supports the finding that K.S. aided and abetted a second degree commercial burglary, and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

After midnight on June 17, 2022, a group of people broke into a cannabis cultivation business on Bradley Avenue in Los Angeles.  The owner of the business, Ming F., was alerted to the

break-in by his alarm system and live-feed surveillance cameras. He estimated that approximately 11 people were on his property. Ming F. saw that the metal gate to the parking lot had been cut open with power tools. He also saw people cutting open the locks on the side door of the building and a person smashing the bullet-proof glass on the wall, entering the business, and opening doors from the inside. Ming F. called the 911 dispatch operator as he watched the rampage on his surveillance cameras. Suddenly, everyone left the building through the parking lot and dispersed.

Ming F. estimated that the total loss to his property, including the property damage, was approximately $17,415. He was unable to identify any of the people entering his business or their vehicles. Ming F. saw a person entering the passenger side of a vehicle parked directly in front of the metal gate that had been breached. The passenger ran "from the direction" of his cannabis business. K.S., the driver of that vehicle, took off "right away" when the police arrived. Ming F. was unable to identify K.S. as the driver.

When responding Police Officer Sabrina Martinez arrived, she parked directly behind a burgundy-colored Honda sedan driven by K.S. that was parked directly in front of the breached metal gate. The engine of the vehicle was on and its headlights were off. Martinez saw a male "running from the business" and enter the passenger side of the vehicle. He followed the vehicle which drove away quickly after the passenger entered the vehicle.

K.S. drove at a high rate of speed, drove through red traffic lights, swerved through driving lanes, and eventually collided with a traffic light pole. K.S. then left the vehicle and ran

2

northbound on San Fernando Road. When searched, the vehicle did not contain any burglary tools or fruits of the burglary.

K.S. testified that a man named "Jay" asked her to pick up his cousin "Romero" at the Bradley Avenue address. She did not know Jay or his cousin. The Honda sedan belonged to Jay. K.S. waited 8 to 10 minutes for Romero to enter the vehicle. She stated that she fled the pursuing police officer because she was an unlicensed driver. K.S. denied violating any traffic laws during the pursuit.

Following a contested hearing, the juvenile court sustained the misdemeanor allegations of commercial burglary, and fleeing a pursuing police officer while driving recklessly. (Pen. Code, § 459; Veh. Code, § 2800.2.) The court reinstated K.S. on supervision pursuant to Welfare and Institutions Code section 725.

*DISCUSSION*

K.S. argues that there is insufficient evidence to support the finding that she aided and abetted a robbery because there is no evidence that she was aware a burglary had occurred and that there were other reasons (curfew violation, lack of a driver's license) for her to flee apprehension. Specifically, she asserts that there is insufficient evidence that Romero entered the cannabis property or that he intended to commit a theft. She contends that the jurisdiction finding violates her constitutional rights to due process of law and a fair trial.

The same standard of review governs the sufficiency of evidence in adult criminal cases and juvenile cases; we review the entire record and draw all reasonable inferences in favor of the judgment to determine whether substantial evidence supports the conviction. (*In re A.G.* (2020) 58 Cal.App.5th 647, 653.) We

3

do not redetermine the weight of the evidence or issues of witness credibility.  (*In re M.S.* (2019) 32 Cal.App.5th 1177, 1185.)  Resolution of conflicts and inconsistencies in the evidence is the exclusive province of the trier of fact.  (*Ibid.*)  "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

A person aids and abets the commission of a crime when he or she, (1) with knowledge of the unlawful purpose of the perpetrator, (2) and with the intent or purpose of committing, facilitating, or encouraging commission of the crime, (3) by act or advice, aids promotes, encourages, or instigates the commission of the crime.  (*People v. Cooper* (1991) 53 Cal.3d 1158, 1164; *People v. Abelino* (2021) 62 Cal.App.5th 563, 578.)  "Neither mere presence at the scene of a crime, nor the failure to take steps to prevent a crime, is alone enough to establish that a person is an aider and abettor.  Such evidence may, however, be considered together with other evidence in determining that a person is an aider and abettor."  (*Abelino,* at p. 578.)  Aiding and abetting liability includes those persons who serve as "lookout[s]" or those who keep the vehicle engine running and drive a getaway vehicle.  (*People v. Swanson-Birabent* (2003) 114 Cal.App.4th 733, 743-744.)

Here sufficient evidence and all reasonable inferences therefrom support the juvenile court's conclusion that K.S. aided and abetted the burglary.  Ming F. and Martinez saw an individual run from the cannabis business and enter the passenger side of the vehicle K.S. was driving.  K.S. sat inside the vehicle with the headlights off and the engine running for 8 to 10

4

minutes awaiting Romero.  Once Romero fled the property and entered the vehicle, K.S. drove from the scene quickly and led the responding officers on a high speed pursuit.  Although K.S. offers alternative explanations for her behavior, we do not substitute our conclusions for those drawn by the trier of fact.  (*People v. Albillar, supra,* 51 Cal.4th 47, 60.)

*DISPOSITION*

The orders are affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

Robert J. Totten, Commissioner

Superior Court County of Los Angeles

_____

Sarah M. Javaheri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.